```
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  APR 1 3 2012  ★
BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DERRICK M. JOHNSON, A/K/A IMAN
SHAHEED-MUHAMMAD ABDURRAHMAN,
On Behalf of Himself And All Those Similarly
Situated,

           Plaintiff,

          -against-

MICHAEL BLOOMBERG, Mayor of NYC;
RAY KELLY, Commissioner of NYPD; THE
CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT; THE LAW
DEPARTMENT OF THE CITY OF NEW YORK;
and JOHN DOES # 1-50,

           Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
12-CV-1270 (CBA)

AMON, Chief United States District Judge.

    Plaintiff brings this action *pro se* pursuant to, *inter alia*, 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and for the reasons discussed below, plaintiff is granted thirty (30) days leave to file an amended complaint.

## BACKGROUND

    Plaintiff brings this action against Mayor Bloomberg, Police Commissioner Kelly, the City of New York, the NYPD, the Law Department of the City of New York and various unnamed agents and/or employees of the City for "violations of plaintiff's constitutional rights resulting from the illegal spying on the Muslim Community within the New York City Counties absent legal authority under the United States Constitution . . .." Compl. at 2. Plaintiff argues that the "defendants' policies, practices, and customs concerning the use of illegal spying, tactics,

surveillances, and unauthorized use of federal funding for such illegal discretion in using tax payers monies, fraud and deceptive actions while financing these illegal actions and practices." Compl. at 2-3. Plaintiff seeks an order declaring the defendants' "illegal policy of spying on Muslims" illegal, as well as monetary damages and injunctive relief.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, --- U.S.---, 129 S.Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## DISCUSSION

At the outset, the Court notes that *pro se* plaintiffs cannot proceed as class representatives. Thus, plaintiff may not "'appear on behalf of other 'similarly situated' persons ... unless he is an attorney licensed to practice law.'" McKnight v. Middleton, 2008 WL 4911445, at *1 (E.D.N.Y. 2008) (quoting Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998); see also Ayazi v. NYC Bd. of Ed., 2010 WL 4789403, at *1 (E.D.N.Y. 2010) (holding that a *pro se* plaintiff may not serve as class counsel). Therefore, plaintiff is not able to bring this action on behalf of "all those similarly situated," pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Next, it is unclear whether plaintiff has standing to seek relief from the alleged wrongs committed by defendants. For a plaintiff to invoke the jurisdiction of the federal courts, Article III, Section 2 of the United States Constitution requires that a person have standing. Cooper v. U.S. Postal Serv., 577 F.3d 479, 489 (2d Cir. 2009). A plaintiff does not have standing when he raises only a "generalized grievance" that is "shared equally by all of a large class of citizens." Roe v. City of New York, 151 F. Supp. 2d 495, 506 (S.D.N.Y. 2001) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Amnesty Intern. USA v. Clapper, 667 F.3d 163, 171 (2d Cir. 2011) ("The critical inquiry for standing is whether the plaintiffs are simply citizens with an abstract claim that some action was unlawful, or whether they, in some particular respect not shared by every person who dislikes the action, are injured by that action."). The standing requirement prevents the federal courts from being "called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights." Warth v. Seldin, 422 U.S. 490, 500 (1975).

In order for a plaintiff to establish standing, he must allege that he suffered "an injury in fact." Cooper, 577 F.3d at 489. At a minimum, this "requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" Id. (quoting Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982)). The injury must be the "invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560. In addition, "there must be a causal connection between the injury and the conduct complained of," and it must be "likely, as

3

opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 560-61.

Here, plaintiff complains that the defendants are illegally spying on the Muslim Community. However, plaintiff has not alleged that "he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Cooper, 577 F.3d at 489. It is unclear from the complaint whether plaintiff is bringing this action based on some personal harm he suffered, or whether he is only alleging a generalized grievance about the rights of the entire Muslim Community of New York City and/or New York State.

## CONCLUSION

The plainiff's application to bring this action on behalf of "all those similarly situated," pursuant to Rule 23 of the Federal Rules of Civil Procedure is denied. The Court grants plaintiff thirty (30) days in which to file an amended complaint that establishes that he has standing to bring this action. Plaintiff must specify dates and facts supporting his claims, including the personal involvement of each named defendant. The amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. If plaintiff fails to file an amended complaint, judgment dismissing this action shall be entered.

All further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
April 13, 2012

4