UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

DERRICK M. JOHNSON, A/K/A IMAN
SHAHEED-MUHAMMAD ABDURRAHMAN,
On Behalf of Himself And All Those Similarly
Situated,

          Plaintiff,

-against-

MICHAEL BLOOMBERG, Mayor of NYC;
RAY KELLY, Commissioner of NYPD; THE
CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT; THE LAW
DEPARTMENT OF THE CITY OF NEW YORK;
and JOHN DOES # 1-50,

          Defendants.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-CV-1270 (CBA)

AMON, Chief United States District Judge.

On March 21, 2012, the plaintiff, proceeding *pro se*, filed this 42 U.S.C. § 1983 action alleging the City of New York and various employees of the City have violated the plaintiff's and others' constitutional rights by illegally spying on the Muslin community in New York City.

On April 13, 2012, the Court granted the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and explained to the plaintiff that as a *pro se* party he could not bring this action on behalf of all "similarly situated" persons pursuant to Rule 23 of the Federal Rules of Civil Procedure. In the same order, the Court noted that it was unclear from the face of the complaint whether the plaintiff had standing to bring this action based on some personal injury he suffered, or whether he was asserting only a generalized grievance about the rights of the entire Muslim community of New York. The Court granted the plaintiff thirty (30) days leave to file an

1

amended complaint establishing that he has standing to bring this action.

The Court's April 13 order was mailed to the plaintiff on April 16, 2012. See Dkt. No. 3. By letter dated April 18, 2012, the plaintiff submitted a change of address notice. See Dkt. No. 4. On April 19, 2012, the Court's April 13 order was resent to plaintiff's new address. One day later, on April 20, 2012, the plaintiff filed an amended complaint to add the addresses of the various defendants. See Dkt. No. 5. The amended complaint makes no additional changes to the original complaint and does not address the deficiencies identified in the Court's April 13 order.

In light of the plaintiff's address change, it is unclear if the plaintiff received the Court's April 13 order prior to filing his amended complaint. In an abundance of caution, the plaintiff is granted an additional thirty (30) days from the date of this Order to submit a second amended complaint in accordance with the Court's April 13 order, another copy of which will be mailed to the plaintiff.

The plaintiff is reminded that his application to bring this action on behalf of "all those similarly situated," pursuant to Rule 23 of the Federal Rules of Civil Procedure has been denied. The plaintiff is granted the opportunity to file a second amended complaint to establish that he has standing to bring this action. The plaintiff must specify facts and dates supporting his claims, including the personal involvement of each named defendant. The second amended complaint will completely replace the original complaint and amended complaint, must be captioned, "Second Amended Complaint," and shall bear the same docket number as this Order.

The Clerk of Court is directed to send a copy of the Court's April 13, 2012 Order to plaintiff along with this Order. All further proceedings shall be stayed for an additional thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in

good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.                                             /S/
                                                        Carol Bagley Amon
                                                        Chief Judge, United States District Court

Dated: Brooklyn, New York
       June 4, 2012